IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP A. TURNEY, ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-515-S-MHW |
| ) | |
| vs. ) | **INITIAL REVIEW ORDER** |
| ) | |
| CITY OF BOISE, MICHAEL ) | |
| MASTERSON, JASON ROSE, ) | |
| JOHN WHITE, and LARRY ) | |
| MOORE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights Complaint (Complaint) to determine whether it is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2). Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* (Docket No. 1). Having reviewed the record, the Court has determined that Plaintiff will be allowed to proceed on his civil rights claims as set forth below. The Court will also grant his request for indigent filing status.

## BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction. At the time the claims in the Complaint arose, he was being detained and arrested by police

**ORDER  1**

officers in the City of Boise.  Plaintiff named the following Defendants in this action: (1) City of Boise; (2) Chief of Police Michael Masterson; (3) Officer Jason Rose; (4) Officer John White; (5) Officer Larry Moore; and (6) unnamed Doe Defendants.  *Complaint*, p. 2-3.

Plaintiff claims that on December 24, 2004, he was arrested by Boise City Police Officers.  He alleges that he is a licensed taxi driver, and he went to sleep in the back seat of his taxi after a party that evening.  Plaintiff claims that another individual drove his vehicle without authorization, and was involved in a collision with two Boise City patrol cars.  Plaintiff alleges that the unauthorized driver fled from the accident scene, and when Plaintiff emerged from the car, he was approached by Officers Moore and Rose.  *Complaint*, p. 4.

Plaintiff alleges that he sat on the ground near the front of his taxi, awaiting emergency personnel.  He claims that he was responsive to the questions posed by Officers Moore and Rose.  When Plaintiff informed the officers that he was not driving the car at the time of the accident, Officers Moore and Rose allegedly grabbed Plaintiff's arms in a submission hold and slammed him to the ground, causing "serious bodily injury, to wit: contusions, concussion syndrome, lacerations, as well as other injuries." *Complaint*, p. 5.

Plaintiff also claims that the police officers removed him from the area in view of the police car's video surveillance camera and viciously beat him.  He further alleges that he was kicked and dragged on the pavement, causing further serious injuries. *Complaint*,

**ORDER  2**

p. 6. Plaintiff was taken to the emergency room at St. Alphonsus Regional Medical Center for treatment, and he asserts that he sustained "chronic, debilitating conditions, causing him daily pain and suffering." *Id*.

Plaintiff alleges that Defendants Rose, White, and Moore violated his rights through the use of excessive force.  He also alleges that Boise City and Chief of Police Masterson adopted a protocol and training regimen which encouraged the use of excessive force during his arrest.  He also claims that Defendants failed to preserve exculpatory evidence at the time of the vehicle collision that would have exonerated him and led to the capture of the unauthorized driver. *Complaint*, p. 7.   The Complaint describes this latter claim as one of "gross negligence." *Id*., p. 8.

The Complaint also includes the following claims: (1) gross negligence in training officers; (2) negligent infliction of intentional emotional distress; and (3) malicious battery. *Complaint*, p. 9-11.  There is no allegation that Plaintiff filed a Notice of Tort Claim with the City of Boise.

## REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**ORDER  3**

Plaintiff alleges that Defendants Rose, White, and Moore exerted excessive force against him during his arrest.  The Court will construe these allegations as a Fourth Amendment claim.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that claims against law enforcement officers for use of excessive force during the course of an arrest are analyzed under the Fourth Amendment).  A citizen being arrested or investigated is protected from excessive force by the Fourth Amendment, and a convicted prisoner is protected from excessive force by the Eighth Amendment  *Graham*, 490 U.S. at 394.

The issue to be decided in a Fourth Amendment claim is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them."  *Graham*, 490 U.S. at 396.  The reasonableness standard requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  *Id*. (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).

If Plaintiff asserts that excessive force was used after his arrest, then the Court will construe such claims as a Fourteenth Amendment violation.  *See Graham.* 490 U.S. at 395 n.10. [1]

---

[1] On a claim of excessive force against a pre-trial detainee, the protections of the substantive due process clause of the Fourteenth Amendment are coextensive with the protections of the Eighth Amendment's cruel and unusual punishment clause. *Whitley v. Albers*, 475 U.S. 312, 324-27 (1986).  That is, conduct which violates the Fourteenth Amendment standard of "shocking the conscience" also violates the Eighth Amendment standard that punishment should not be "repugnant to the conscience of mankind." *Id*.

**ORDER  4**

Plaintiff's allegations of physical assault state a cognizable claim under the Fourth Amendment and potentially the Fourteenth Amendment against the individual police officers, Defendants Rose, White, and Moore. Therefore, Plaintiff will be allowed to proceed with this claim against them.

Plaintiff also named the City of Boise as a Defendant in this action. In order to proceed against a local governmental entity, Plaintiff must allege that the execution of a government's policy or custom caused the injury of which he complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). There is no respondeat superior liability under § 1983 where the acts of an employee are attributed to the governmental entity. *Id.* The requisite elements of a § 1983 claim against a municipality include: (1) a deprivation of a plaintiff's constitutional rights, (2) pursuant to a county policy which was the moving force behind (3) the deliberate indifference to a plaintiff's constitutional rights. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Plaintiff's Complaint alleges that the City of Boise and Defendant Masterson adopted a "protocol and training regimen" which resulted in the use of excessive force against him. These allegations adequately set forth a Fourth Amendment claim against the City of Boise and Defendant Masterson.

**ORDER  5**

Plaintiff also included a claim in his Complaint described as "gross negligence" in failing to preserve exculpatory evidence to support his innocence. He alleges that Defendants' failure to investigate and maintain the evidence at the accident scene denied him a fair trial. To the extent Plaintiff is attempting to challenge his criminal conviction, the claim is barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*.

On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnote omitted); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(when a state prisoner challenges the very fact or duration of his physical imprisonment, his sole federal remedy is a writ of habeas corpus).

Based on the allegations in the Complaint, the Court will not authorize Plaintiff to proceed with this claim because it appears to be challenging Plaintiff's criminal conviction. In the event Plaintiff's Fourth Amendment claim is unrelated to the crime for

**ORDER  6**

which he is currently incarcerated, he may request leave to pursue the claim at a later date.

Finally, Plaintiff included some claims arising under Idaho state law. For example, the Complaint includes a claim for negligence in handling Plaintiff's arrest, negligent training of police officers, intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious battery. Before the Court authorizes Plaintiff to proceed on these state law claims, he must show that he followed the procedures set forth in Idaho's Tort Claims Act. *See* I.C. § 6-901, *et seq*. (providing a remedy for citizens injured by the tortious acts of governmental entities, officials and employees). [2]

Based on the foregoing, the Court will direct the Clerk of Court to serve a waiver of service of summons on the City of Boise. The Court will also grant Plaintiff's request for indigent filing status, and a separate order will be sent to the IDOC, directing them to deduct the federal court's filing fee from Plaintiff's inmate trust account.

---

[2] The Idaho Tort Claims Act provides that "[a]ll claims against a political subdivision arising under the provisions of this act . . . shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." A "claim" under the ITCA is "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity. . . ." I.C. § 6-902(7). Idaho Code § 6-908 provides that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act."

**ORDER  7**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the named Defendants shall be allowed to waive service of summons by executing, or having their counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days.  If Defendants choose to waive service, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(B).  Accordingly, the Clerk of Court shall forward a copy of the Complaint (Docket No. 3), a copy of this Order, and a Waiver of Service of Summons to Cary B. Colaianni, Boise City Attorney, 150 N. Capitol Blvd., P.O. Box 500, Boise, ID  83701-0500 on behalf of Defendants City of Boise, Michael Masterson, Jason Rose, John White, and Larry Moore.

IT IS FURTHER HEREBY ORDERED that Plaintiff's request for *in Forma Pauperis* filing status (Docket No. 1) is GRANTED.



DATED: **February 15, 2007**

Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER  8**